PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUSTINO SANTANA, Defendant and Appellant.

No. 6238.   Argued November 13, 1936.—Decided November 16, 1936.

*Antonio L. López* for appellant. *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Justino Santana, *alias* "El Niño," was charged with an offense of carrying upon his person a revolver, in violation of the provisions of Section 1 of the Act to prohibit the carrying of arms (Laws of 1924, p. 114); and having been found guilty and sentenced to one month in jail, he appealed.

Appellant alleges, as the only ground for reversal, that in weighing the evidence the trial court was moved by bias, prejudice and partiality. Let us examine the evidence.

Insular Policeman Justo Pérez Reyes, the only witness offered by the prosecuting attorney, testified:

That on the night in question the witness was on duty in Caguas and upon approaching the place known as Placita, he saw the defendant come out from the street toward the highway, carrying a revolver in his hand, and that upon being confronted by the witness when he got under the street light, the defendant put the revolver under his shirt; and that then the witness arrested him and seized the revolver, a 38 caliber "Smith" weapon, and which was loaded.

Upon cross-examination he testified: that it is not true that the defendant delivered the revolver to him voluntarily, nor that the defendant told him: "Officer, take this revolver just thrown down by someone running over there and who has been having a quarrel with another fellow."

In behalf of the defendant, the testimony of three witnesses and that of the defendant himself, was offered. It may all be summarized as follows:

That in front of the warehouse of the Caguas Sugar Company there was a dispute or altercation between several persons, who, upon seeing the policeman Justo Pérez Reyes coming, commenced to run away, one of whom let fall a revolver; that the defendant, who came up at that moment, picked up the revolver from the ground and delivered it to the policeman, stating: "Look, Justo, this revolver belongs to the fellow going over there"; that they did not at any time see the defendant hide the revolver under his shirt; that the policeman ordered the defendant: "Get along there," and took him to jail; that then they, the witnesses, told the defendant: "Yes, go on, you are innocent in this case; go on, don't arm yourself, go on, and we'll be your witnesses"; and that they did not know to whom the revolver belonged.

There is undoubtedly a conflict between the evidence for The People and that for the defense. The court decided the conflict by believing the testimony of the witness for the prosecution. The appellant argues that the court ought to have decided it in favor of the party presenting the greater number of witnesses, that is, in favor of the defendant.

A court is subject to only one restriction in its power to weigh evidence and pass upon the credibility of witnesses, and that is that a defendant may not be found guilty unless the court is convinced of his guilt beyond a reasonable doubt. The number of witnesses, whether more or less, is not a factor in the decision to be rendered by the trial court. The testimony of a single witness, whom the court believes, is sufficient to overcome the testimony of several witnesses whom the court does not consider worthy of credit. An appellate court cannot, and should not, review a decision of a trial judge, who has had an opportunity to see the witnesses and to hear them testify and to form a judgment as to their

credibility, unless the record shows a manifest error or some fact tending to show that the trial judge was moved by bias, or by some prejudice or partiality against the defendant.

The testimony of the policeman is sufficient to support the decision of the court, and we cannot say that the court erred in giving it full credit.

Our attention has not been called to any fact showing the bias or the prejudice or partiality with which the trial judge is charged.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.